IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Wilkes-Barre Division

| | |
|---|---|
| IN RE: JACLYN VANGORDEN, | CASE NO: 5:23-bk-02699-MJC |
| | CHAPTER 13 |
| Debtor. | |

**OBJECTION TO NOTICE OF INTENT
TO DISMISS & REQUEST FOR HEARING**

AND NOW, this 19th day of February, 2024, Steven R. Savoia, attorney for the above-captioned Debtor, Jaclyn VanGorden, submits Debtor's objection to the Notice of Intent to Dismiss based on Debtor's non-appearance at one previously scheduled meeting of creditors, and requests that a hearing be set at which Debtor can appear and explain the reasons for her non-attendance, and in support thereof avers as follows:

1. The first meeting of creditors set in this case was for the date of January 29th. For the reasons stated below, the Debtor did not attend that scheduled meeting.

2. That is the only meeting of creditors that the Debtor did not attend.

3. Typically, and has been the practice in the past in this district, if a Debtor misses the first scheduled meeting of creditors, it is adjourned and a new date is set. Missing *more* than one scheduled meeting of creditors typically prompts the filing of a notice of intent to dismiss.

4. In this case, the subject Notice of Intent to Dismiss was issued after missing the first scheduled meeting rather than adjourning the meeting for a new scheduled date.

5. As has been disclosed in various sections of the Schedules and Statement of Financial Affairs filed earlier in this case, the Debtor's husband died in a tragic motorcycle accident on May 8, 2023, leaving his widow, Jaclyn VanGorden, and two young-adult daughters, and the Debtor subsequently became the record owner of real property owned by her deceased husband, the family home.

6. The Debtor then filed this chapter 13 case to invoke the automatic stay to afford her some breathing room for the Debtor to formulate a strategy to successfully deal with the disposition of the real property.

7. It should be mentioned that the bar date (2/8/24) has passed in this case, and only 2 claims totaling $517 have been filed by general, unsecured, non-priority creditors, so it is evident that the remaining creditors, a mortgage holder, and tax authorities holding modest claims, are the real parties in interest.

8. As for the reason that Debtor did not attend the lone meeting of creditors in this case, Mrs. VanGorden could not put her hands on her social security card, and was asked to obtain a replacement card to have available for the meeting of creditors. It took some time for that to arrive, and counsel can report that for some reasons having nothing to do with a request by the Debtor, the Social Security Administration sent the Debtor a card with her maiden name on it, which she is now working through to have replaced simply with her name as it has existed for the last few decades.

WHEREFORE, Debtor prays that no action be taken on the Notice of Intent to Dismiss, and that a hearing be set at which Debtor can appear and explain the reasons for her non-attendance, and that she have such other and further relief as is just and proper.

Dated: February 19, 2024

Respectfully submitted,

STEVEN R. SAVOIA, Attorney at Law

By: ____/s/ Steven R. Savoia_____
      Attorney ID # 92253
      621 Ann Street, P.O. Box 263
      Stroudsburg, PA 18360
      Telephone No.: (570) 972-2060
      Facsimile No.: (570) 338-3499
Attorney for Debtor, Jaclyn VanGorden